UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PREFERRA INSURANCE COMPANY RISK RETENTION GROUP,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL ASSOCIATION OF SOCIAL WORKERS, INC., *et al.*,<br><br>*Defendants.* | Civil Action No. 24-2689 (SLS)<br><br>Judge Sparkle L. Sooknanan |

## MEMORANDUM OPINION

The Plaintiff, Preferra Insurance Company Risk Retention Group (Preferra), sued the National Association of Social Workers, Inc. (NASW), the National Association of Social Workers Assurance Services, Inc. (ASI), and the National Association of Social Workers Insurance Company, Inc. (NASWIC), alleging breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with business relations, and unfair competition and false advertising under the Lanham Act. The Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), and Preferra filed a Motion to Amend its Complaint. For the reasons explained below, the Court grants Preferra's motion.

## FACTUAL BACKGROUND

Preferra is a "risk retention group" formed "for the purposes of providing insurance coverage to social workers and other professionals." Compl. ¶ 1, ECF No. 1. It provides insurance coverage to policyholders, which entails "underwriting, collect[ing] premiums, and cover[ing] claims made by [the] insured." *Id.* ¶ 11. The Defendants include a professional organization that represents social workers, an organization that manages insurance programs, and a reinsurance

company. *Id.* ¶¶ 2, 9, 10. They are all affiliated, and Preferra alleges that it has a "long and closely related history" with them "as part of a program to provide insurance to social workers across the United States." *Id.* ¶ 7. According to Preferra, while each entity maintains a separate board of directors, there has "historically been some overlap" with "certain individuals sitting on the boards of more than one entity." *Id.* ¶ 14. At one point Anthony Benedetto served as CEO of Preferra, ASI, and NASWIC, and as a director of all three companies. *Id.* ¶¶ 27, 29.

Preferra alleges that its business relationship with the Defendants took a turn in January 2023 when NASW hired a new CEO, who was then named to Preferra's Board of Directors. *Id.* ¶ 32, 38. Preferra "learned that [the new CEO] ha[d] a criminal conviction for burglary as well as licensing issues," and so it removed him from its Board, deepening an "adversarial" relationship between the parties. *Id.* ¶¶ 39–40. NASW then replaced most of ASI's "very experienced" Board members, including Mr. Benedetto. *Id.* ¶ 41–43. The new ASI Board then terminated nearly all of the NASWIC Board of Directors, including Mr. Benedetto. *Id.* ¶ 45.

On January 5, 2024, Preferra "terminated its agreements" with ASI and NASWIC "pursuant to options under the contracts." *Id.* ¶ 47. Mr. Benedetto then resigned from ASI and NASWIC, *id.* ¶ 48, and remains employed by Preferra, which alleges that ASI and NASWIC have "refused to honor their respective obligations to pay severance" to Preferra "for their respective share of Mr. Benedetto's base salary," *id.* ¶ 51.

## PROCEDURAL BACKGROUND

Preferra filed its Complaint on September 20, 2024, alleging breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with business relations, and unfair competition and false advertising under the Lanham Act. Compl. On December 17, 2024, the Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) and simultaneously

answered the Complaint, raising various affirmative defenses and a counterclaim against Mr. Benedetto as a third party. Defs.' Mot. Dismiss, ECF No. 13; Answer, ECF No. 14. On January 14, 2025, Preferra opposed dismissal, Pl.'s Opp'n, ECF No. 22, and filed a Motion to Amend its Complaint under Local Rule 15.1 to "address [the] Defendants' arguments in the event that the Court is inclined to grant the motion to dismiss," *id.* at 1 n.1; *see also* Mot. Amend, ECF No. 23. On January 28, 2025, the Defendants opposed Preferra's Motion to Amend, arguing that Preferra's proposed changes would not "cure the defects" in the Complaint. Defs.' Reply at 2, ECF No. 25. Preferra's motion is fully briefed.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course [within] . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). Outside of that time, Rule 15(a)(2) allows a party to amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason" like "undue delay, bad faith or dilatory motive on the part of the movant," "leave [to amend] . . . should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny leave to amend if it would lead to "undue prejudice to the opposing party," or if it "would not survive a motion to dismiss." *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman*, 371 U.S. at 182); *Henok v. Kessler*, 78 F. Supp. 3d 452, 458 (D.D.C. 2015). But it is "an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive repeated failure to cure deficiencies by previous amendments or futility of amendment.'" *Joel v. Howard Univ.*, No. 24-cv-1655, 2025 WL 358769, at *1 (D.D.C. Jan. 31, 2025) (quoting *Foman*, 371 U.S. at 182) (cleaned up).

**DISCUSSION**

The Defendants moved to dismiss the Complaint on December 17, 2024, and Preferra sought to amend on January 14, 2025, which exceeds the 21-day window provided in Rule 15(a)(1) by seven days. Rule 15(a)(2) thus applies, and the Defendants oppose amendment.

It is "common ground" in this Circuit "that Rule 15 embodies a generally favorable policy toward amendments," *Davis v. Liberty Mut. Ins.*, 871 F.2d 1134, 1136–37 (D.C. Cir. 1989) (internal citations omitted), and the Court considers Preferra's requested amendment through that lens. Preferra argues that there is "no undue delay, bad faith, or undue prejudice to [the] Defendants." Mot. Amend at 2. It adds that the proposed amendment "does not add any additional claims," and merely responds to the Defendants' allegations that "certain elements [in the Complaint] were not pled with sufficient detail." *Id.* The Defendants counter that the proposed Amended Complaint simply "offer[s] more conclusory language and speculation" and cannot survive a motion to dismiss because it is "based on . . . legal conclusions disguised as factual allegations." Defs.' Reply at 5, 6.

The Court is not persuaded by the Defendants' arguments. Courts must "freely" give leave to amend unless the non-moving party establishes "undue delay, bad faith, dilatory motive, . . . repeated failure to cure deficiencies . . . , undue prejudice . . . , [or] futility of the amendment." *Foman*, 371 U.S. at 182. The Defendants allege only that the proposed amendment would be futile. *See* Defs.' Reply at 7. But Preferra's proposed amendments are responsive to the Defendants' arguments in support of dismissal. The Amended Complaint contains nine proposed additions, which Preferra claims will shed additional light on existing factual contentions. *See* Mot. Amend. Given that "the underlying facts or circumstances relied upon by [Preferra] may be a proper subject of relief, [it] ought to be afforded an opportunity to test [its] claim[s] on the merits."

4

*Foman*, 371 U.S. at 182; *see, e.g.*, *Pietch v. McKissack & McKissack*, 677 F. Supp. 2d 325, 329–30 (D.D.C. 2010) (granting the plaintiff's motion to amend the complaint and denying the defendant's motion to dismiss). The Defendants are of course free to challenge the sufficiency of the amendments under Rule 12(b)(6) when they respond to the Amended Complaint.

## CONCLUSION

For these reasons, the Court grants the Plaintiff's Motion to Amend, ECF No. 23, and orders the Plaintiff to file its Amended Complaint within seven days.

A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   March 25, 2025